586 P.2d 1050

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Franklin ELLIS,
Defendant-Appellant.**

**No. 12599.**

Supreme Court of Idaho.

Nov. 16, 1978.

---

Stephen F. Bell, Coeur d'Alene of Nixon, Nixon, Lyons & Bell, Coeur d'Alene, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Arthur J. Berry, III, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

Defendant Ellis has appealed his conviction of grand larceny on the ground that there was an impermissible search of the trunk of an automobile in his possession, followed by a later seizure of incriminating evidence which was in that trunk. Defendant alleges both the search and the seizure were unlawful and the evidence should have been excluded. We find no error and affirm.

The evidence touching on the exclusionary issue is without dispute. At or about 1:25 a. m. on the morning of January 12, 1977, officers were dispatched to the scene of a suspected on-going theft. Upon arriving, they found a parked automobile with its trunk unlocked and slightly open (three to six inches). Seeing rolls of copper wire inside the trunk, they followed footprints in the snow to a substation of Kootenai Electric Cooperative. Along the path and inside the substation they found other coils of wire that had been moved, as well as a pair

of boltcutters and a cut link of the chain that had secured the gate to the substation. Following the tracks further, the officers apprehended defendant/appellant Ellis and an accomplice several miles from the substation.

Shortly after defendant's arrest, the officers returned to the automobile and the rolls of wire were seized from its trunk. No warrant was sought prior to such seizure. Defendant moved ·to suppress the wire as evidence on the ground that no warrant was obtained and no exception to the warrant requirement applied. At the suppression hearing which preceded the trial, defense counsel called Officer Hill, who had seized the wire. After direct and cross-examination and argument by counsel, the judge denied the motion on the ground that the plain view doctrine applied and no warrant was necessary.

■ Defendant argues that the trial judge erred procedurally in not directing the State to open at the suppression hearing with its presentation. It is true that the court did note that it was defendant's motion, and that defendant should proceed. Defendant did so, voicing no objection to going forward. Under such circumstances, any objection was thus waived. In *Annau v. Schutte,* 96 Idaho 704, 708, 535 P.2d 1095, 1099 (1975), the Court said:

> [A]ppellants fail to point out in the record where they objected to this variance in procedure by the trial court, and fail to disclose how they were prejudiced in this regard. Under these circumstances we find no prejudicial error.

*See also* I.C. § 19–3702. Defendant also complains that the State put on no case. The record shows that defendant put on Officer Hill, whose testimony, amplified on cross-examination, was the only testimony submitted. Regardless of who called Hill as their witness, both parties had ample opportunity to make a record. The defendant on appeal is required to show error, and that he was prejudiced thereby. That the State was satisfied to rest on the testimony of Hill is of no avail to the defendant. If Hill's testimony did not sustain the State's

position, it was the State which assumed the risk of not producing other evidence.

■ Defendant also contends that the evidence does not sustain the trial court's ruling. It is true that, subject to certain well-defined exceptions, warrantless searches are per se unreasonable. *State v. Harwood,* 94 Idaho 615, 617, 495 P.2d 160, 162 (1972). Here, admittedly, there was no warrant authorizing the search of the car. However, the underlying issue is whether there was a search. The trial court answered that in the negative, holding that the wire was in plain view. It is that ruling which we review.

■ The plain-view doctrine was recognized in Idaho in *State v. Pontier,* 95 Idaho 707, 518 P.2d 969 (1974). In that case marijuana plants were growing in defendant's back yard. Since the plants were in the plain view of an officer in the yard next door, it was held that such evidence was admissible. The circumstances in this case are similar. Here, the police, acting on information provided by a citizen, were lawfully in a position from which they plainly saw the copper wire which was the fruits of an on-going larceny. There was no search; there was a seizure, but merely a seizure of evidence which it was not only the officers' right, but their duty to take into possession. An unlocked and partially open trunk of an unattended automobile at the scene of an apparently on-going crime does not rise to the dignity of an area of anticipated privacy. Where incriminating evidence is exposed to the plain view of investigating officers who have not only a right, but also a ·*duty* to be where they are, and in a position from which it is observed, it is susceptible of lawful seizure.

As was said in *Pontier,* a contrary holding would place the courts in

> the anomalous position of imposing a duty upon the police to investigate information received concerning the commission of crimes but not allow into evidence any contraband seized which was in the plain view of the officers where they

were in a place where they had a right and duty to be. *Id.,* 95 Idaho at 712, 518 P.2d at 974.

Defendant's last assignment of error was the trial court's refusal to allow defendant to fully develop his inquiry into a prior unconnected temporary suspension of Officer Hill. The officer having been reinstated, the trial court properly held that such would have constituted impeachment by use of an unconvicted wrongful act. The issue sought to be explored was collateral to the issue being tried, and in our opinion the scope and extent of the inquiry as allowed by the trial court was correct. We find no error in the district judge's ruling, which was in an exercise of the discretion conferred upon him.

Judgment affirmed.

SHEPARD, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.