626 P.2d 206

The STATE of Idaho,
Plaintiff-Respondent,

v.

John Christian SMITH and Ronald Olaf
Moller, Defendants-Appellants.

No. 12773.

Supreme Court of Idaho.

March 9, 1981.

Rehearing Denied April 27, 1981.

Robert M. Nielsen, Rupert, William J. Tway of Tway & Tway, Boise, for defendants-appellants.

David H. Leroy, Atty. Gen., Lynn E. Thomas and Roy L. Eiguren, Deputy Attys. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

Defendants-appellants John Smith and Ronald Moller met with Paul Johnson, an agent of the Idaho Bureau of Narcotic and Drug Enforcement, at Boise's Holiday Inn. At this meeting appellants exhibited to agent Johnson a sample of some marijuana which they were trying to sell to him. The sample marijuana, which weighed approximately 21 pounds, was in a box. Johnson agreed to buy a larger quantity of marijuana at a later date. He then left the motel room and transmitted details of the meeting over his police radio to federal, state and local officers who were surrounding the motel.

The appellants left their room shortly after Johnson. Smith, carrying a box which contained scales, exited the motel and walked to his car. When Smith reached his car, he was approached and questioned by a uniformed Boise City Police officer.

Moller was following some distance behind Smith. After observing the officer

approach Smith, Moller returned to the motel and observed their conversation through the lobby doors. He then turned and left the building through a rear exit. Prior to leaving the building, he placed the box he was carrying on the floor in the hallway of the Holiday Inn. After he had exited, he was stopped, questioned, then placed under arrest. Officers took possession of the box immediately after the arrest. According to testimony given at trial, the box was in plain view in the hallway, and the marijuana [3] in the box was also plainly visible through a hole in the side of the box.

Later that evening a magistrate issued two search warrants—one for the vehicle used by defendants, and one for the motel room (not at the Holiday) in which appellants were staying. Additional quantities of marijuana, cocaine and LSD were found pursuant to these warrants.

A return was attached to each warrant. Thereon were listed a total of 36 items seized, including the 21 pound box of marijuana which had been seized before the warrants issued. Prior to trial, the district judge ruled that all of the evidence seized pursuant to the search warrants must be suppressed. He found that the affidavit supporting the search warrants inaccurately stated the source of the information given as probable cause and that the affidavit failed to establish that the informant was reliable. The 21 pound box, however, was not suppressed, the trial court ruling that it had been lawfully taken into possession of the officers. He held that the box was lawfully seized, either pursuant to the arrest or under the plain view doctrine, and that it was not seized pursuant to the search warrant.

The problem with which we are here confronted stems from police inadvertence in making a record of the circumstances attendant to taking custody of the said box. Instead of inventorying it separately, it was listed on the inventory return to the warrant which had been issued for the search of the vehicle.

I.

A.

Appellants urge the rule that where evidence is listed in the return to an invalid search warrant, the state may not thereafter argue that the evidence was in fact seized, or could have been seized, under one of the exceptions to the warrant requirement. They contend that the return to a search warrant must be accepted as conclusive proof that the evidence listed on the return was in fact seized pursuant to the warrant, and point to *State v. Arregui*, 44 Idaho 43, 254 P. 788 (1927), which held:

"To attribute to the whole proceeding the nature of a search after a lawful arrest, in the face of the fact that each witness swears they searched under the warrant, and the fact that the officer made a return upon the warrant showing the results thereof, would be to dispute such return (*Davis v. State*, 187 Wis. 115, 203 N.W. 760), and 'makes too severe a demand upon the imagination' (*Flagg v. United States* [2 Cir.] (C.C.A.), 233 F[ed]. 481)." 44 Idaho at 61, 254 P. at 794.

As was stated in *Bumper v. North Carolina*, 391 U.S. 543, 549, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968), "[a] search conducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid." (Footnote omitted.) *See generally* 79 C.J.S. *Searches & Seizures* § 84 at 907–08 (1952). However, here the box of marijuana was seized at about the time that defendants were arrested, which in point of time was *prior to* the search warrants being issued, the box being both unattended and in a public place.

It is entirely clear that the appellants would have us overturn their convictions because of the inadvertence of the police officers in listing the box and its contents on the inventory of items seized under the authority of the vehicle search warrant. We do not see that this result is required nor that it falls within the ambit of *State v. Arregui, supra*. The return clearly shows that the box and contents were incorrectly

inventoried, not having been taken from the vehicle, but rather as above described.[1] The trial court's determination that inclusion of the box of marijuana in the return to the search warrant did not require suppression of the marijuana was correct.

### B.

█ Did the state unlawfully gain possession of the box and its contents, as contended by appellants? We think not. The seizure of the box was proper; it was in plain view, in a public hallway, and the officer who seized it had probable cause to believe that it was connected with criminal activity.

█ As we stated in *State v. Ellis*, 99 Idaho 606, 608, 586 P.2d 1050, 1052 (1978), "[w]here incriminating evidence is exposed to the plain view of investigating officers who have not only a right, but also a *duty* to be where they are, and in a position from which it [the evidence] is observed, it is susceptible of lawful seizure."[2]

### II.

█ Appellants also challenge the sufficiency of the information by which they were charged, but did not so object to the information prior to or during trial.

That exact issue was addressed in *State v. Greene*, 100 Idaho 464, 467, 600 P.2d 140, 143 (1979), where we held that "[h]ad the defendant desired greater specificity in the information, it was obtainable under the Idaho Criminal Rules. The defendant's failure to object to the information constitutes a waiver and therefore cannot be raised on appeal." *See State v. Gumm*, 99 Idaho 549, 585 P.2d 959 (1978) (Bistline, J., and McFadden, J., concurring specially).

█ Appellants argue that the information is too nonspecific as to the facts upon which it is based, and consequently they face the possibility of being twice tried for the same crime. Such double jeopardy concerns are groundless. Even if the information, taken alone, is not specific enough to itself foreclose a subsequent prosecution for the same crime, the appellants have available to them as a bar to such prosecution not only the information, but also the entire record of their trial. As was stated in *State v. Gumm, supra*, "[s]hould the state [attempt a second prosecution], it must be remembered the district court is a court of record and those records, as the majority points out, amply illustrate ... [which items of personalty were allegedly stolen]. Such documentation on the record precludes a second prosecution for the same offense." 99 Idaho at 554, 585 P.2d at 964 (Bistline, J., and McFadden, J., concurring specially).

The judgments of conviction are affirmed.

BAKES, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

---

1. The return to the warrant authorizing search of the vehicle reads: "Ex. 1. 21 lbs. One brown pasteboard box located in the hallway of the Holiday Inn containing a green plant material in plain view which appeared to be marijuana. 6:55 p. m." The same return indicates that the search of the Chevy Blazer was initiated at 10:35 p. m., well *after* the box of marijuana was seized, and concluded at 12:30 a. m.

2. The trial court stated in admitting the box into evidence that "I would rule in any event that [a] peace officer not only has the right but has a duty if he finds a box in the Holiday Inn with marijuana falling out of it and that he can see—see to seize it."