662 P.2d 230

STATE of Idaho, Plaintiff-Respondent,

v.

Weyland Ray COWEN,
Defendant-Appellant.

No. 14017.

Supreme Court of Idaho.

April 18, 1983.

John W. Ruebelmann, Emmett, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a conviction of first degree burglary and grand larceny and of the use of a firearm in the commission of both offenses. The sole issues raised on appeal relate to the denial of Cowen's motion to suppress certain evidence. We affirm.

At approximately 10:00 p.m. on February 24, 1980, a state police officer noted an automobile traveling south about a mile south of Eagle, Idaho. The officer stopped the car because the trunk lid was raised about three feet and tied down to accommodate a large object in the trunk. The rear of the car was riding low. There was no equipment violation or traffic offense, but the officer stopped the car solely because its appearance aroused in him a suspicion of criminal activity. The officer asked the driver for his driver's license and the car's registration. Those were handed to the officer. The officer then inquired as to the contents of the trunk and the driver gave the officer consent to look into the trunk. The officer removed a rug and found a large safe. At that time the driver and the passenger Cowen fled the vehicle. The officer demanded that the fleeing occupants stop and threatened to shoot, whereupon Cowen stopped, raised his arms, and was arrested.. Pursuant to the arrest, the officer frisked Cowen and removed a police scanner and two guns. These items were admitted into evidence at trial over objection that they were fruits of an illegal search. Although no warrant was obtained, police searched the car, photographing and removing numerous tools and objects which were also admitted at trial. At the time of the arrest the officer noted three small gold rings in Cowen's ponytail. Those rings were subsequently found on the floor of the room where Cowen was questioned and were admitted into evidence after having been identified by the burglary victim.

Cowen asserts that all evidence obtained as a result of the stopping of the car and the seizure of the defendant are fruits of an illegal search inadmissible as evidence and should have been suppressed under *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We do not reach the question of whether the initial stopping of the automobile was in violation of the Constitution since, even assuming the illegality of such stop, Cowen is without standing to raise the question.

We note at the outset that the provision of the Idaho Constitution, art. 1, § 17, prohibiting unreasonable searches and seizures, is to be construed consistently with the fourth amendment to the United States Constitution. *State v. Oropeza,* 97 Idaho 387, 545 P.2d 475 (1976); *State v. Peterson,* 81 Idaho 233, 340 P.2d 444 (1959). Federal case law is therefore instructive on the issue of standing in the context of the instant case.

In *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Court dealt with whether occupants of an automobile had standing to suppress evidence obtained during a warrantless search of the interior of the car. Noting that those defendants owned neither the car nor the property seized therefrom, the Court rejected a "target" rule which would give standing to anyone against whom evidence from a search was directed. The Court noted the practical difficulties of broadening the doctrine of standing, stating:

"Each time the exclusionary rule is applied it exacts a substantial social cost for the vindication of Fourth Amendment

rights. Relevant and reliable evidence is kept from the trier of fact and the search for truth at trial is deflected. See *United States v. Ceccolini,* 435 U.S. 268, 275 [98 S.Ct. 1054, 1059, 55 L.Ed.2d 268] (1978); *Stone v. Powell,* 428 U.S. 465, 489–490 [96 S.Ct. 3037, 3050, 49 L.Ed.2d 1067] (1976); *United States v. Calandra,* 414 U.S. [338], at 348–352 [94 S.Ct. 613 at 620–22, 38 L.Ed.2d 561]. Since our cases generally have held that one whose Fourth Amendment rights are violated may successfully suppress evidence obtained in the course of an illegal search and seizure, misgivings as to the benefit of enlarging the class of persons who may invoke that rule are properly considered when deciding whether to expand standing to assert Fourth Amendment violations." *Rakas v. Illinois, supra,* 439 U.S. at 137–138, 99 S.Ct. at 427.

The Court also noted that in the case of passengers in an automobile, the fact of being "legitimately on the premises" was not determinative of a legitimate expectation of privacy in the areas of the automobile searched, such as would entitle them to standing. The Court stated:

"[H]ere petitioners' claim is one which would fail even in an analogous situation in a dwelling place, since they made no showing that they had any legitimate expectation of privacy in the ... area under the seat of the car in which they were merely passengers. Like the trunk of an automobile, these are areas in which a passenger *qua* passenger simply would not normally have a legitimate expectation of privacy." *Id.,* 439 U.S. at 148–149, 99 S.Ct. at 433.

*See also United States v. Johnston,* 685 F.2d 934 (5th Cir.1982).

In *State v. Bottelson,* 102 Idaho 90, 625 P.2d 1093 (1981), defendant sought to suppress evidence obtained in a warrantless car search. The argument for standing in *Bottleson* was much stronger than in the instant case, in that while Bottelson did not show that he actually owned the automobile, he did demonstrate he was personally in possession of the car at the time it was searched. The Court there stated:

"On the present record the defendant has not shown that he had a legitimate expectation of privacy in the Pontiac.

\* \* \* \* \* \*

"While the evidence discloses that the Pontiac was in the possession of the defendant, the registration for the automobile presented to the officers was for a different Chrysler automobile, and the license plates which were on the Pontiac were registered to the Chrysler. Since the defendant had the burden of proving that he had a legitimate expectation of privacy in the Pontiac, *Rawlings v. Kentucky* [448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980)], and there is no showing in the evidence that the defendant owned or had a right to possess the Pontiac, the order of the trial court suppressing the evidence cannot be sustained on this record. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). A court may not exclude evidence under the fourth amendment unless it finds that an unlawful search or seizure violated the defendant's legitimate expectation of privacy. *United States v. Payner,* 447 U.S. 727, 100 S.Ct. 2439, 2444, 65 L.Ed.2d 468 (1980)." *Bottelson, supra,* 102 Idaho at 92, 625 P.2d 1093.

The rule is well established that suppression may be obtained only by those whose rights are infringed, *Rakas, supra; Bottelson, supra; State v. Jennings,* 101 Idaho 265, 611 P.2d 1050 (1980), and that a person asserting standing to suppress must demonstrate some proprietary interest in the premises searched or some other interest giving a reasonable expectation of privacy, *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). No such interest has been shown by Cowen. A suppression motion must be predicated on a defendant's personal legitimate fourth amendment interest and cannot merely be a vicarious claim that the government has invaded some other third person's privacy rights. Hence, we find no error in the district court's refusal to suppress the safe, the tools, and the photographs at Cowen's trial.

Cowen next asserts the trial court erred in admitting as evidence those objects taken from his person and the rings found on the floor of the room in which Cowen was questioned. This Court has adopted the rationale of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), holding that a warrantless search of a suspect's person incident to a lawful arrest is not an unreasonable search violative of the Constitution and that an officer who reasonably believes a suspect to be armed and dangerous may conduct a carefully limited pat down search of the suspect's outer clothing. *State v. Post,* 98 Idaho 834, 573 P.2d 153 (1978). The United States Supreme Court stated in *Terry, supra,* 392 U.S. at 27, 88 S.Ct. at 1883:

"[T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Cf. *Beck v. Ohio,* 379 U.S. 89, 91 [85 S.Ct. 223, 225, 13 L.Ed.2d 142] (1964); *Brinegar v. United States,* 338 U.S. 160, 174–176 [69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879] (1949); *Stacey v. Emery,* 97 U.S. 642, 645 [24 L.Ed. 1035] (1878). And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. Cf. *Brinegar v. United States supra.*"

■ In the instant case the officer clearly had the required reasonable suspicion to search Cowen. The search did not overstep the limits of a weapons search, but simply consisted of patting down Cowen's clothing and removing in that process hard compact objects which were potentially weapons and which were revealed to be two guns and a police scanner. Prior to the search the officer had seen the safe in the trunk and both occupants of the car had fled. The officer was detaining Cowen and, in the interest of his own safety, was entitled to search Cowen for weapons. As to the rings which were found on the floor of the interrogation room, they had been abandoned and Cowen had no legitimate expectation of privacy as to them. *Abel v. United States,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *United States v. Veatch,* 674 F.2d 1217 (9th Cir.1981); *U.S. v. Kendall,* 655 F.2d 199 (9th Cir.1981), cert. denied, 455 U.S. 941, 102 S.Ct. 1434, 71 L.Ed.2d 652 (1982). *See also State v. Smith,* 102 Idaho 108, 626 P.2d 206 (1981), and *State v. Ellis,* 99 Idaho 606, 586 P.2d 1050 (1978).

In sum, the district court did not err in denying Cowen's motions to suppress. The conviction and the orders of the district court are in all respects affirmed.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.