883 P.2d 1080

STATE of Idaho, Plaintiff–Respondent,

v.

Elizabeth Anne LYNCH, Defendant–Appellant.

No. 20187.

Supreme Court of Idaho,
Boise, February 1994 Term.

Oct. 28, 1994.

Rehearing Denied Oct. 28, 1994.

Strom & Longeteig, Wilfrid W. Longeteig, Craigmont, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

## ON DENIAL OF PETITION FOR REHEARING

McDEVITT, Chief Justice.

Appellant Elizabeth Anne Lynch ("Lynch") was driving on 900 Airway Road when a patrol officer noticed her swerve erratically in her lane. The officer stopped Lynch and administered a field sobriety test which Lynch failed. Lynch was arrested for driving under the influence ("DUI") and cited for failure to drive in a designated lane. Lynch paid the fine for the lane infraction and immediately moved the magistrate to dismiss the DUI charge. The magistrate denied Lynch's motion, which ruling was affirmed by the district court. Lynch appeals the ruling, contending that the charge and the citation were for the same act or omission and, therefore, I.C. § 18–301 bars any proceedings in the DUI case. We reverse.

## I

## BACKGROUND

On November 30, 1991, Lynch was pulled over by Officer Nelson while driving west on Airway Road in Lewiston, Idaho. Officer Nelson stopped Lynch after observing her swerve erratically in the lane ahead of him. Officer Nelson proceeded to give Lynch a field sobriety test, which she failed. Officer Nelson arrested and ultimately charged Lynch with driving under the influence, a misdemeanor, in violation of I.C. § 18–8004. An intoximeter test revealed that Lynch had a blood alcohol content of .17. Lynch was also cited for failure to drive in a designated lane, an infraction, in violation of I.C. § 49–637. Each charge alleged that the offense had occurred at 2:00 a.m. at 900 Airway Road.

On December 20, 1991, Lynch paid the fine for the infraction. Lynch then moved the magistrate to dismiss the DUI charge under

I.C. § 18–301. The magistrate denied the motion. Lynch entered a conditional plea of guilty, reserving her right to appeal the pretrial ruling. Recognizing the issue presented as one of law, given that the parties stipulated to the relevant facts, the district court exercised free review over the trial court's ruling denying Lynch's motion to dismiss based on I.C. § 18–301. The district court affirmed the ruling of the magistrate. Lynch now appeals the ruling denying her motion to dismiss.

The sole issue on appeal is whether I.C. § 18–301 bars prosecution of a DUI charge against Lynch, where Lynch has paid the fine for a companion moving violation.

## II

## ANALYSIS

### IDAHO CODE § 18–301 BARS PROSECUTION OF A DUI CHARGE AGAINST LYNCH BASED ON THE FACTS OF THIS CASE

■ Lynch argues that I.C. § 18–301 bars prosecution of a DUI charge against her because the charge arises out of the same action or omission as a moving violation for which Lynch was cited and fined. Idaho Code § 18–301 bars prosecution for the same act or omission under a provision of the code where the act or omission has been prosecuted under a different provision of the code. This Court has held that I.C. § 18–301 exceeds the scope of the constitutional constraint on double jeopardy, thus providing a defendant expanded protection. *State v. Sterley*, 112 Idaho 1097, 1099, 739 P.2d 396, 398 (1987); *State v. Chapman*, 112 Idaho 1011, 1012, 739 P.2d 310, 311 (1987). Article I, § 13 of the Idaho Constitution bars retrial or reconviction for the same criminal charge, while I.C. § 18–301 constrains punishment or prosecution for different crimes based on the same conduct. *Chapman*, 112 Idaho at 1012, 739 P.2d at 312.

■ Idaho Code § 18–301 prohibits successive prosecutions, as well as successive punishments, for offenses stemming from the same act or omission. One test of the "same act or omission" requirement is whether "a

separate and distinct act can be established as the basis for each prosecution, regardless whether the offenses require proof of differing elements." *State v. Smith*, 121 Idaho 20, 822 P.2d 539 (Ct.App.1991) (citing *State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied*, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981)). Courts employ a temporal test to determine whether conduct is divisible into separate, distinct events. *Sterley*, 112 Idaho at 1099, 739 P.2d at 398. Under this test, the fact that two crimes arise from the same sequence of events is not sufficient to invoke the protection of I.C. § 18–301. *State v. Chapman*, 112 Idaho 1011, 1013, 739 P.2d 310, 312 (1987). Idaho Code § 18–301 requires that the same act constitute the basis or foundation for both charges. *Id.* In other words, the issue is whether the acts which led to one conviction are the same as the acts which lead to the other conviction.

■ In applying this test, the district court ruled that, although Lynch's driving cannot be anything but "one continuous and indivisible act," I.C. § 18–301 does not bar the DUI proceedings because the moving violation does not constitute a conviction and sentence as contemplated by I.C. § 18–301. The district court held that the legislature intended to denominate infractions as civil public offenses for statutory purposes, and to exclude infractions from the statutory double jeopardy protection of I.C. § 18–301. We hold that the district court correctly concluded that Lynch's driving was one continuous and indivisible act, but erred in ruling that I.C. § 18–301 does not apply to traffic infractions.

In *State v. Smith*, 121 Idaho 20, 822 P.2d 539 (Ct.App.1991), the Court of Appeals held that charges against Smith for inattentive driving and DUI were based upon one continuous and indivisible act of driving erratically while under the influence of alcohol. Similarly, in this case, the charges against Lynch for failure to stay in a designated lane and DUI are based upon the continuous and indivisible act of driving erratically while under the influence of alcohol. The underlying act of driving cannot be sufficiently divisible into events "separate in character and clear

enough in sequence to be distinguishable." *State v. Castaneda*, 125 Idaho 234, 236, 869 P.2d 234, 236 (Ct.App.1994). Because the offenses charged against Lynch of DUI and failure to stay in the designated lane arise from conduct that represents a continuous, indivisible act of driving erratically while under the influence of alcohol, and because Lynch has been "punished" for the infraction, I.C. § 18–301 bars prosecution for the DUI charge.

▇▇ Idaho Code § 18–301 applies to any act which can be punished and which is amenable to an acquittal or a conviction and sentence, and is not limited to felonies and misdemeanors. An infraction carries a penalty, and therefore is an act for which one can be punished. The Idaho Traffic Infraction Act ("ITIA") has been examined by this Court and found to embody criminal rather than civil violations for purposes of constitutional analysis. *See State v. Bennion*, 112 Idaho 32, 35, 730 P.2d 952, 955 (1986).[1] We find no basis for distinguishing the nature of traffic infractions in the statutory context, and refuse to cloak them with a criminal character for constitutional purposes only. We hold that art. 1, § 13 of the Idaho Constitution effectively nullifies the legislature's designation of infractions as civil public offenses for both constitutional and statutory purposes. The district court reasoned that I.C. § 18–301 applies only to offenses defined in the criminal code as a successor to the penal code and thus does not apply to public civil offenses such as traffic infractions. This conclusion is based upon the faulty premise that the statute was enacted in 1932 as part and parcel of the penal code and referenced only the penal code. Idaho Code § 18–301 was adopted in the late 1800's and referenced not only offenses defined in the penal code, but also offenses defined in the political code, an early legislatively mandated subdivision of the Idaho Code. *See State v. Gutke*, 25 Idaho 737, 139 P. 346 (1914). The words "this code" in I.C. § 18–301 refer to the entire code, not just some subdivision thereof.

In its petition for rehearing on this matter, the State, for the first time, argues that the *Bennion* decision stands for the proposition that infractions are not subject to criminal punishment, and therefore do not implicate I.C. § 18–301. This Court held in *Bennion* that, although infractions are criminal actions for purposes of constitutional analysis, the maximum punishment that could be imposed for a traffic infraction was not so severe as to require a jury trial under the Idaho Constitution. This Court held that "[a]lthough the prosecutions of all public offenses are criminal actions, Article 5, § 1, and all criminal actions required jury trials at the time of statehood, we believe Article 1, § 7 has sufficient flexibility to allow . for summary proceedings if the *sanction* is decriminalized." *Bennion*, 112 Idaho at 45, 730 P.2d at 965 (emphasis in original).

The State's argument acknowledges that the potential penalty for an offense is an element to be considered when determining whether a prohibition is civil or criminal. However, the prohibition against successive prosecutions contained in I.C. § 18–301 is not strictly limited to successive criminal punishments. This Court has previously recognized that the double jeopardy clause, which was expanded by I.C. § 18–301, "protects against a second prosecution for the same offense after acquittal, protects against a second prosecution for the same offense after conviction, and protects against multiple punishments for the same offense." *State v. Pizzuto*, 119 Idaho 742, 756, 810 P.2d 680, 694 (1991). Nothing in this Court's opinion in *Bennion* supports the conclusion that Lynch's conviction, upon her plea of guilty to the infraction charge, did not constitute a criminal conviction for the same act the State now seeks to prosecute in the DUI action.

---

1. The *Bennion* court examined the ITIA under art. I, § 7 of the Idaho Constitution to determine whether the ITIA's incorporated clause barring a jury trial on issues governed by the ITIA was constitutional. The Court held that the ITIA easily passes muster where it provides for no jury trial because offenses punishable under the ITIA are punishable only by fine or license revocation, not imprisonment. *Bennion*, 112 Idaho at 45, 730 P.2d at 965. The Court held that art. I, § 7 of the Idaho Constitution provides for trial by jury for all public offenses which are potentially punishable by imprisonment. *Id.*

Idaho Code § 18–301 bars prosecution of the DUI charge against Lynch under the facts of this case. Accordingly, we reverse the trial court.

JOHNSON, J., and HART, J., Pro Tem., concur.

BISTLINE, J., sat, did not participate in substitute opinion.

SILAK, Justice, specially concurring.

Although I continue to adhere to the views expressed in my dissent as a Court of Appeals judge in *State v. Smith*, 121 Idaho 20, 24, 822 P.2d 539, 543 (Ct.App.1991), the record in this case does not permit the facts of Lynch's conduct to be divided into separate, distinct events for purposes of the *State v. Sterley* temporal analysis. *Sterley*, 112 Idaho 1097, 1099, 739 P.2d 396, 398 (1987). Here, the driving conduct which was the basis of the infraction citation was swerving in the 900 block of Airway Road. The specific charge under I.C. § 18–8004 was "operating a motor vehicle while under the influence of intoxicating beverages or of drugs." The police report contained in the record indicated that the operation of the motor vehicle which was the basis of the DUI charge was the swerving in the 900 block of Airway Road. Unlike the facts in *Smith*, the charges did not specifically reference separate acts of driving at different locations. Thus, I concur in the Court's opinion that in this case, the infraction and the DUI charge are based upon one continuous and indivisible act, and therefore the protection of I.C. § 18–301 should be afforded to Lynch.