903 P.2d 151

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jessica Irene BETTERTON,
Defendant–Appellant.**

No. 21873.

Court of Appeals of Idaho.

Sept. 21, 1995.

Randall, Blake & Cox, Lewiston, for appellant.

Alan G. Lance, Attorney General, Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Pursuant to Idaho Criminal Rule 11, Jessica Irene Betterton entered a conditional plea of guilty to a felony charge of driving without privileges (DWP). I.C. § 18–8001. On appeal she challenges the district court's denial of her motion, based on I.C. § 18–301,[1] to dismiss the DWP charge. Betterton asserts that the district court was bound to dismiss the DWP because she admitted two companion infractions—failure to wear a seat belt, I.C. § 49–673(3), and failure to stop, I.C. § 49–807(2). We affirm.

On May 2, 1994, an officer of the Idaho State Police observed a black pickup approach and then drive through the intersection of Cow Creek Road and Highway 95 without stopping at the stop sign. As the pickup continued on past him, the officer also noticed that the driver was not wearing a seat belt. Upon stopping the vehicle and identifying the driver as Betterton, the officer learned that Betterton's driving privileges were suspended. The officer charged Betterton with two infractions—failure to wear a seat belt and failure to stop—and misdemeanor driving without privileges.

Through her counsel, Betterton pled not guilty to all three charges. The state then filed an amended complaint charging Betterton with felony driving without privileges based on two prior convictions from 1993. She waived her right to a preliminary hearing and was bound over to the district court for trial. Later, Betterton appeared before a magistrate and entered admissions to both infractions. Thereafter, Betterton paid the fines and costs associated with her infraction admissions.

Betterton then filed a motion to dismiss the felony DWP charge, claiming that I.C. § 18–301 barred prosecution because she had already admitted the infractions. The district court denied the motion. Betterton entered a conditional plea of guilty pursuant to I.C.R. 11, reserving her right to appeal from the district court's denial of her motion to dismiss. Pursuant to the plea agreement, the state dismissed a separate felony DWP charge pending against Betterton.

On appeal, Betterton first asserts that because she paid the fine for the failure to wear a seat belt infraction, any prosecution for the DWP charge exposes her to successive punishments for the same act or omission, contrary to the provisions of I.C. § 18–301. We disagree.

The seat belt statute specifically provides that the penalty for a seat belt infraction is to be imposed in addition to the conviction and sentence of another traffic law violation. Idaho Code § 49–673(3) states in part:

If a person is convicted of a violation of any traffic law, other than a violation of the provisions of sections 49–1229 or 49–1230, Idaho Code, relating to proof of liability insurance, *it shall be an additional infraction* for any person to violate the provisions of this section, for which a fine of five dollars ($5.00) shall be imposed.

(emphasis added).

In enacting the seat belt statute, the legislature obviously intended that its penalties were to be separate and distinct from those already in effect under the law despite the existence of I.C. § 18–301. We presume the legislature was aware of those statutes previously enacted when passing new legislation. *See Parker v. Wallentine,* 103 Idaho 506, 511, 650 P.2d 648, 653 (1982);

1. Idaho Code § 18–301, which was repealed in February 1995, provided:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

First American Title Co. of Idaho, Inc. v. Clark, *99 Idaho 10, 13, 576 P.2d 581, 584 (1978). To the extent of a conflict between an earlier and later statute, the more recent expression of legislative intent prevails.* Mickelsen v. City of Rexburg, *101 Idaho 305, 307, 612 P.2d 542, 544 (1980). Where two statutes deal with the same subject matter, the more specific will prevail.* State v. Wilson, *107 Idaho 506, 508, 690 P.2d 1338, 1340 (1984). Thus, the later enacted, more specific seat belt law, will prevail over the bar to prosecution created in I.C. § 18–301.* See State v. Killinger, *126 Idaho 737, 890 P.2d 323 (1995);* State v. Cootz, *110 Idaho 807, 718 P.2d 1245 (Ct.App.1986);* State v. Metzgar, *109 Idaho 732, 710 P.2d 642 (Ct.App.1985);* State v. Galaviz, *104 Idaho 328, 658 P.2d 999 (Ct.App.1983). Therefore, the district court did not err in denying Betterton's motion to dismiss the DWP charge, despite the previously disposed of seat belt infraction.*

■ Betterton further contends that payment of the fine for failure to stop serves as a bar to prosecution or punishment for DWP. Idaho Code § 18–301 prohibits successive prosecutions or punishments for offenses stemming from the same act or omission. In determining whether the two offenses charged stem from the same act or omission, the courts employ a temporal test. *State v. Sterley,* 112 Idaho 1097, 1099, 739 P.2d 396, 398 (1987); *State v. Castaneda,* 125 Idaho 234, 235, 869 P.2d 234, 235 (Ct.App. 1994). This test seeks to ascertain whether the defendant's acts are divisible into separate and distinct events. *Id.* Therefore the question before this Court is whether driving without privileges and failing to stop at a stop sign are separate and distinct events.

■ Betterton began committing the offense of DWP when she entered her automobile, placed herself in the driver's position and started the engine. The state patrolman could have charged Betterton with DWP for her conduct in driving the vehicle which he observed both before and after she proceeded past the stop sign without stopping. The second offense did not arise until she actually failed to stop for the stop sign. The DWP violation continued throughout Betterton's time behind the wheel. However, any overlap of the two offenses is not necessarily fatal to the DWP charge. *State v. Castaneda,* 125 Idaho 234, 236, 869 P.2d 234, 236 (Ct.App. 1994). The existence of a substantial, clearly identifiable period when Betterton's actions constituted only one of the offenses indicates that the two offenses do not arise from the same act or omission. *Id.*

This case is distinguishable from *State v. Lynch,* 126 Idaho 388, 883 P.2d 1080 (1994). In *Lynch,* the Idaho Supreme Court found that for I.C. § 18–301 analysis, the charges of failure to drive in a designated lane and DUI arose from the same act or omission. In that case the two offenses were found to be "based upon the continuous and indivisible act of driving erratically while under the influence of alcohol." *Id.,* at 390, 883 P.2d at 1082. In this case the DWP prosecution was not dependent upon the nature, quality or manner of Betterton's driving. Betterton's status as a suspended licensee driving a vehicle on an Idaho highway was punishable without any requirement that she also be driving erratically. The acts charged, failure to stop and DWP, are separate in character and clear enough in sequence to be distinguishable. Therefore, they do not constitute the same act or omission under I.C. § 18–301. *Id.,* at 390, 883 P.2d at 1082; *State v. Castaneda,* 125 Idaho 234, 236, 869 P.2d 234, 236 (Ct.App.1994). The district court did not err in denying Betterton's motion to dismiss on this basis.

The payment of fines for the two infractions in Betterton's case did not bar her subsequent prosecution for felony driving without privileges. The order of the district court denying Betterton's motion to dismiss is affirmed.