915 P.2d 14

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brenda Lynn REICHENBERG, Defendant–Appellant.**

No. 22350.

Supreme Court of Idaho, Boise, November 1995 Term.

April 10, 1996.

William J. Brauner, P.A., Caldwell; and Brian E. Elkins, Ketchum; Westberg, McCabe & Collins, Ctd., Boise, for appellant. William J. Brauner and Thomas J. McCabe, argued.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent. Michael A. Henderson, argued.

SILAK, Justice.

Appellant Brenda Lynn Reichenberg (Reichenberg) appeals from the district court's order affirming the magistrate's denial of a motion to dismiss a charge of Driving Under the Influence of Alcohol (DUI) as impermissible under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, art. I, § 13 of the Idaho Constitution, and I.C. § 18-301 (repealed, 1995). We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

On December 20, 1994, Reichenberg was arrested by a Nampa City Police Officer on a DUI charge pursuant to I.C. § 18-8004. At the request of the arresting officer, Reichenberg took a breath alcohol test which showed that her blood alcohol concentration (BAC) was in excess of the .10 legal limit. As a result of Reichenberg's failing the test, a suspension of her driver's license was ordered by the Idaho Department of Transportation (the Department) pursuant to I.C. § 18-8002A. The suspension was for 90 days, with the first 30 days an absolute suspension.

Reichenberg requested a hearing contesting the suspension pursuant to I.C. § 18-8002A(6), which requires that the request be in writing and be received by the Department within seven days of the service upon the person of the notice of suspension. The Department denied the request declaring it to be untimely, and sustained the suspension. Reichenberg did not appeal the denial of the hearing. At the end of the suspension, Reichenberg was required to pay $130.00 to the Department to reinstate her driver's license.

After entering a not guilty plea to the DUI charge, Reichenberg moved to dismiss the criminal charge on the grounds of double jeopardy and double punishment. Reichenberg claimed that the license suspension and the requirement of the payment of the reinstatement fee constituted former jeopardy and former punishment under art. I, § 13 of the Idaho Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution, as well as the former I.C. § 18-301. The motion was denied by the magistrate and Reichenberg thereafter entered a plea of guilty conditioned on her ability to appeal the denial of the motion to dismiss. The district court affirmed the magistrate's decision. Reichenberg appeals.

## II.

## ISSUES ON APPEAL

1. Whether a 90 day driver's license suspension is "punishment" for purposes of the former I.C. § 18-301.

2. Whether the statute in the present case puts a person in "jeopardy" for purposes of the double jeopardy clauses of the U.S. and Idaho Constitutions.

3. Whether the Idaho Constitution provides greater protection in the area of double jeopardy than does the United States Constitution.

## III.

## ANALYSIS

## A. REICHENBERG'S PROSECUTION FOR DUI, FOLLOWING HER ADMINISTRATIVE LICENSE SUSPENSION, DID NOT VIOLATE FORMER I.C. § 18-301.

■ As a preliminary matter, we note our standard of review. Since this appeal involves solely a question of law, this Court's standard of review is one of independent and free review of the trial court's determination. *Automobile Club Ins. Co. v. Jackson,* 124 Idaho 874, 876, 865 P.2d 965, 967 (1993); *Ausman v. State,* 124 Idaho 839, 840, 864 P.2d 1126, 1127 (1993).

Section 18-301 of the Idaho Code, which was repealed by the legislature on February 13, 1995, provided as follows:

**Acts punishable in different ways—Double jeopardy.**—An act or omission which is made punishable in different ways by dif-

ferent provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

This section was in effect at the time of Reichenberg's arrest on December 20, 1994. The former I.C. § 18–301 bars prosecution for the same act or omission under a provision of the code where the act or omission has already been prosecuted under a different section of the code. *State v. Lynch,* 126 Idaho 388, 390, 883 P.2d 1080, 1082 (1994).

**1. 18–8002A. Tests of driver for alcohol concentration, presence of drugs or other intoxicating substances—Suspension upon failure of tests.—**
. . . .
(2) Suspension.
(a) Upon receipt of the sworn statement of a peace officer that there existed legal cause to believe a person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substances and that the person submitted to a test and the test results indicated an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, Idaho Code, the department shall suspend the person's license or permit to drive:
(i) For a period of ninety (90) days for a first failure of evidentiary testing under the provisions of this section. The first thirty (30) days of the suspension shall be absolute and the person shall have absolutely no driving privileges of any kind. Restricted driving privileges applicable during the remaining sixty (60) days of the suspension may be requested as provided in subsection (8) of this section.
(ii) For a period of one (1) year for a second and any subsequent failure of evidentiary testing under the provisions of this section within the immediately preceding five (5) years. No driving privileges of any kind shall be granted during the suspension imposed pursuant to this subsection.
The person may request an administrative hearing on the suspension as provided in subsection (6) of this section. Any right to contest the suspension shall be waived if a hearing is not requested as therein provided.
(b) The suspension shall become effective thirty (30) days after service upon the person of the notice of suspension. The notice shall be in a form provided by the department and shall state:
(i) The reason and statutory grounds for the suspension;
(ii) The effective date of the suspension;
(iii) The suspension periods to which the person may be subject as provided in subsection (2)(a) of this section;

Reichenberg argues that the administrative license suspension statute, section 18–8002A of the Idaho Code, constitutes punishment in that it provides for a ninety (90) day suspension with the first thirty (30) days absolute.[1] She further claims that this is especially so in light of the fact that the suspended individual must pay a reinstatement fee in order to retrieve his or her driver's license pursuant to I.C. § 49–328(1) and (4).[2] Reichenberg claims that because the above penalty constitutes punishment, she cannot be prosecuted for the DUI charge under I.C. § 18–8004, or this would be a

(iv) The procedures for obtaining restricted driving privileges;
(v) The rights of the person to request an administrative hearing on the suspension and that if an administrative hearing is not requested within seven (7) days of service of the notice of suspension the right to contest the suspension shall be waived;
(vi) The procedures for obtaining an administrative hearing on the suspension;
(vii) The right to judicial review of the hearing officer's decision on the suspension and the procedures for seeking such review.

**2. 49–328. Reinstatement of revoked, disqualified or suspended driver's license—Fee—When reinstatement prohibited.—**(1) When the period of revocation, disqualification or suspension of a driver's license has expired, or the reason for the revocation, disqualification or suspension no longer exists, the department shall reinstate the driver's license or driving privileges on application of the driver. The application shall be in the form prescribed by the department and accompanied by a reinstatement fee of fifteen dollars ($15.00) which shall be deposited in the state highway account. . . .

(4) In addition to any other fees required in this section to be collected, the department shall collect one hundred fifteen dollars ($115.00) for reinstating a driver's license after a suspension imposed under the provisions of section 18–8002 or section 18–8002A, Idaho Code, or after a suspension arising out of any alcohol or drug related offense, other than a suspension imposed upon a person under eighteen (18) years of age pursuant to section 18–1502(d), Idaho Code. Funds collected pursuant to this subsection shall be deposited in the state highway account. The department shall reevaluate the amount of the reinstatement fee herein imposed not later than February, 1996, to determine the sufficiency of the fee to meet the costs associated with the implementation of section 18–8002A, Idaho Code.

double punishment in violation of I.C. § 18–301. We disagree.

This Court's recent opinion in *State v. Talavera*, 127 Idaho 700, 905 P.2d 633 (1995), governs this issue. In *Talavera*, the defendant was stopped by a police officer for driving in the wrong lane of traffic. Upon probable cause, the officer administered field sobriety tests which Talavera failed. Following his arrest for DUI, Talavera took an Intoxilyzer 5000 test which showed that he had a BAC of .20. Based upon the results of this test, Talavera's driver's license was suspended pursuant to I.C. § 18–8002A. On appeal to this Court after his motion to dismiss the DUI charge was denied, Talavera asserted that former I.C. § 18–301 exceeded the scope of the constitutional constraint on double jeopardy, and therefore provided him with expanded protection, relying on *State v. Lynch, supra*. We held that criminal prosecution of Talavera for the DUI under I.C. § 18–8004 was not barred by I.C. § 18–301. *State v. Talavera*, 127 Idaho at 706, 905 P.2d at 639.

The Court explained that its decision was based upon a similar argument in *State v. Killinger*, 126 Idaho 737, 890 P.2d 323 (1995). In that case, the defendant had been convicted of both delivery of controlled substances under I.C. § 37–2732, and delivery of those substances in the presence of a minor in violation of I.C. § 37–2737A. Killinger asserted that his sentence was excessive because punishment under both of those sections for the same act was barred by I.C. § 18–301.

The Court in *Killinger* held that I.C. § 18–301 was not violated because the crime of delivery of a controlled substance in the presence of children under I.C. § 37–2737A is specifically excepted from the I.C. § 18–301 prohibition against multiple punishments for the same act or omission. *Killinger*, 126 Idaho at 739, 890 P.2d at 325. I.C. § 37–2737A specifically provides that a fine imposed under this section *is in addition to* the fine imposed by any other offense. The Court thus followed the rule that a more specific, more recent statute will prevail over an earlier, more general statute. *Id.* at 740, 890 P.2d at 326.

In *Talavera*, the Court held that the reasoning in *Killinger* was applicable to that case. Because the facts in the present case are almost identical to those in *Talavera*, the reasoning in *Killinger* is also applicable to this case. So, too, in this case, the statutory provisions clearly reflect the legislature's intention that a person who drives with an alcohol concentration in excess of the statutory limit should be subject to both the administrative license suspension under I.C. § 18–8002A and criminal prosecution under I.C. § 18–8004. These provisions are more specific than the general provisions of the former I.C. § 18–301 and were later enacted. *State v. Talavera*, 127 Idaho at 706, 905 P.2d at 639. Thus, the magistrate properly denied Reichenberg's motion to dismiss the DUI charge as violating I.C. § 18–301.

**B. I.C. § 18–8002A DOES NOT PLACE A PERSON IN "JEOPARDY" FOR PURPOSES OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION BECAUSE A 90 DAY DRIVER'S LICENSE SUSPENSION DOES NOT CONSTITUTE PUNISHMENT.**

■ Next, Reichenberg argues that pursuant to a series of recent United States Supreme Court cases, *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), if the license suspension statute serves *any* retributive or deterrent purpose, it must be regarded as "punishment" for double jeopardy purposes. We disagree.

Again, the Court's decision in *State v. Talavera*, 127 Idaho 700, 905 P.2d 633 (1995), governs this issue. In *Talavera*, the defendant argued that the presence of any deterrent effect in a penalty statute rendered it punishment for purposes of double jeopardy. After providing a summary and analysis of the relevant federal case law, this Court held that the reasoning in *Department of Revenue of Montana v. Kurth Ranch, supra*, made it

clear that the United States Supreme Court did not intend such an emphatic rule:

> Although *Kurth Ranch* was a five-four decision, all nine justices agreed that *Halper* held that a second sanction may not be imposed *to the extent* that it can *only* be characterized as a deterrent or retribution. [Footnote omitted.] However, a primarily remedial sanction may serve some deterrent purposes without crossing the line to punishment for double jeopardy purposes.

127 Idaho at 705, 905 P.2d at 638.

As we held in *Talavera,* the purpose of the administrative license suspension statute is remedial, *i.e.,* the stated purpose of I.C. § 18–8002A being to provide safety to all persons using the state's highways by quickly revoking the driver's licenses of those who drive while under the influence of alcohol in excess of the legal limit. *Id.* We further held that even if the sanction serves some deterrent purpose, this is not dispositive as to whether it is punishment for purposes of double jeopardy. Rather, the proper inquiry is whether the penalty, as applied, bears a rational relationship to a legitimate remedial purpose. *Id., citing United States v. Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. Because the right of a citizen to operate a motor vehicle upon public streets and highways is subject to reasonable regulation by the state pursuant to its police powers, the vehicle's operator agrees to abide by certain conditions and rules of the road when issued a license. One such condition of the privilege of driving is that the operator will not drive while under the influence of alcohol. *Talavera,* 127 Idaho at 705, 905 P.2d at 638. The objective of I.C. § 18–8002A, *i.e.,* to provide maximum safety, is accomplished by expeditiously removing drivers who fail the BAC test from the public roads, thereby avoiding what is often a time consuming, delayed criminal prosecution. *Id.*

In holding that prosecution for driving under the influence of alcohol is not barred under the double jeopardy provision of the Fifth Amendment to the United States Constitution in *Talavera,* we stated that the remedial purpose of the license suspension is apparent and that "a 90–day suspension with the possibility of a restricted permit being issued after 30 days is not disproportionate to the statute's legitimate remedial goal of expeditious protection of the public from drunk drivers." *Id.* Thus, with respect to the present case, Reichenberg's license suspension does not constitute punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and she may, therefore, in addition to the license suspension, be prosecuted for driving under the influence of alcohol pursuant to I.C. § 18–8004, without offending the Fifth Amendment's Double Jeopardy Clause.

## C. THE DOUBLE JEOPARDY PROVISION OF ART. I, § 13 OF THE IDAHO CONSTITUTION DOES NOT AFFORD REICHENBERG ANY GREATER PROTECTION THAN DOES THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

█ Reichenberg asserts that art. I, § 13 of the Idaho Constitution provides broader double jeopardy protection than does the United States Constitution. The relevant portion of art. I, § 13 provides, "No person shall be twice put in jeopardy for the same offense." This Court recently stated, with respect to interpreting Idaho constitutional provisions:

> While this Court will seriously consider federal law to determine the parameters of our own constitutional provisions, and we may adopt federal precedent under the state constitution, we will only do so to the extent that we believe the federal law is consistent with the protection afforded by our Idaho Constitution. *State v. Guzman,* 122 Idaho at 988, 842 P.2d at 667, *citing State v. Cowen,* 104 Idaho 649, 662 P.2d 230 (1983).

*State v. McCaughey,* 127 Idaho 669, 904 P.2d 939, 943 (1995). The Court in *McCaughey* also noted, citing *Guzman,* 122 Idaho at 988, 842 P.2d at 667, that "such independent analysis of our state constitution does not necessarily mean that this Court will reach a result different from the United States Supreme Court under art. 1, § 17." *Id.* The same approach should be applied here even

458

though a different Idaho constitutional provision is being interpreted. It should be noted that this Court has previously applied state and federal constitutional provisions in the same manner. *See, e.g., State v. Sharp*, 104 Idaho 691, 662 P.2d 1135 (1983).

In support of her argument that art. I, § 13 should be interpreted so as to prevent her DUI prosecution, Reichenberg contends that the textual differences between the Idaho and federal double jeopardy provisions support a broader interpretation of the Idaho provision. Where the Fifth Amendment speaks in terms of jeopardy to "life or limb", art. I, § 13 simply says "twice in jeopardy." This argument lacks merit, for the difference in wording is inconsequential in view of the interpretation given the "life or limb" phrase by the United States Supreme Court before the adoption of the Idaho Constitution. In *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), the Supreme Court recognized that the double jeopardy provision extended to all punishments, including Lange's which involved a sentence of imprisonment and a fine, and not merely those which literally jeopardized life (capital punishment) or limb (corporal punishment).

■ Reichenberg next argues that former I.C. § 18–301, whose enactment predated the adoption of the Idaho Constitution's double jeopardy clause, has become embedded in Idaho jurisprudence and should be recognized as part of the protection of the Idaho Constitution. This argument likewise is unpersuasive, for in *State v. Gutke*, 25 Idaho 737, 139 P. 346 (1914), the Court stated:

It should also be remembered ... that [I.C. § 18–301] differs materially and essentially from the provisions of sec. 13, art. 1, of the state constitution, and the like provision of the federal constitution which provides that "no person shall be put twice in jeopardy for the same offense." It should therefore be remembered ... that decisions from courts which discuss the foregoing constitutional provision with reference to being put "twice in jeopardy" for the same offense are in no essential respect applicable to the statute here under consideration. The constitutional provision deals with the subject of putting a

defendant twice in jeopardy for the *same offense*. On the other hand, the statute (sec. 7230) above quoted is not dealing with the "same offense," but the same "act or omission."

25 Idaho at 740, 139 P. 346. (Emphasis in original).

In addition to *State v. Gutke*, which clearly differentiates between the statute and the Idaho constitutional provision, *State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987), more recently cited *Gutke* in support of its statement that "I.C. § 18–301 provides broader protection against double jeopardy than the State or Federal Constitution ..." 112 Idaho at 1099, 739 P.2d at 398.

■ The final argument that Reichenberg advances is based upon I.C. § 19–1712, enacted in 1864, before the adoption of the Idaho Constitution. This statute provides in pertinent part as follows:

Kinds of Pleas.—There are four (4) kinds of pleas to an indictment.

A plea of:

1. Guilty.

2. Not guilty.

3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty.

4. Once in jeopardy.

Reichenberg asserts that this statute signifies that the concept of jeopardy in Idaho is not limited to a former criminal proceeding, but that jeopardy may occur in a context other than that defined by conviction or acquittal. This argument essentially is that the administrative suspension of a driver's license is really a punishment that could place a person "once in jeopardy." This contention fails, however, for the Court held in *State v. Talavera, supra,* that the purpose of the license suspension statute is to "provide maximum safety", and that this objective is accomplished by expeditiously removing drunk drivers from the road. The statute's purpose is therefore remedial and not punitive. We see no reason, based upon I.C. § 19–1712, to hold that for Idaho constitutional purposes the concept of jeopardy is so broad that it

would encompass the administrative license suspension.

For the foregoing reasons, we decline in this case to interpret the double jeopardy provision of the Idaho Constitution in a manner different from the Fifth Amendment's double jeopardy provision of the United States Constitution.

## IV.

## CONCLUSION

We hold that the administrative license suspension of I.C. § 18–8002A is intended by the legislature to be in addition to prosecution for DUI under I.C. § 18–8004, and therefore does not violate the former I.C. § 18–301.

We further hold that the 90 day license suspension does not constitute criminal "punishment" and therefore does not implicate the double jeopardy provisions of either the United States or Idaho Constitutions.

We also hold that in this case, we interpret the Idaho Constitution's double jeopardy provision in the same manner that we have interpreted the double jeopardy provision of the United States Constitution.

Accordingly, the magistrate's order denying Reichenberg's motion to dismiss the DUI charge under I.C. § 18–8004 is affirmed.

TROUT and SCHROEDER, JJ., concur.

McDEVITT, C.J., concurs in the result.

JOHNSON, Justice, dissenting.

I respectfully dissent. In my view, it is erroneous for the Court to conclude that the double jeopardy provision of article 1, section 13 of the Idaho Constitution does not afford Reichenberg any greater protection that does the Fifth Amendment as interpreted by the U.S. Supreme Court. We should not accept the U.S. Supreme Court's interpretation of what is punishment. The license suspension clearly contains a punitive element. The fact that it may also have a remedial objective does not mean it is not punishment. Having punished Reichenberg once for his

offense, the Idaho Constitution prohibits the state from doing so again.