938 P.2d 1240

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark LONGSTREET, Defendant–Appellant.**

**No. 22266.**

Supreme Court of Idaho,
Boise, March 1997 Term.

June 9, 1997.

Manweiler, Bevis & Cameron, P.A., Boise, for defendant–appellant. Howard I. Manweiler argued.

Alan G. Lance, Attorney General, Boise, John C. McKinney, Deputy Attorney General (argued), for defendant–respondent.

TROUT, Chief Justice.

**I.**

**BACKGROUND AND PRIOR PROCEEDINGS**

Mark Longstreet (Longstreet) was charged with felony driving without privileges and cited for speeding and failing to carry proof of insurance on May 8, 1994. Several days later, Longstreet paid the $144.05 penalty for the speeding and failure to carry proof of insurance citations. He subsequently moved to dismiss the felony charge of driving without privileges, arguing that I.C. § 18–301 [1] barred prosecution of the felony charge because driving without privileges constituted the same act as failing to carry proof of insurance. The magistrate, however, denied the motion to dismiss.

Longstreet waived his preliminary hearing, and the matter was set for arraignment in

---

1. Although I.C. § 18–301 has been repealed, it was in full force and effect at the time the proceedings against Longstreet began. Idaho Code § 18–301 provides:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. I.C. § 18–301.

district court. At the arraignment in September 1994, Longstreet entered a plea of not guilty and again moved to dismiss the case on the basis of double jeopardy. The district court denied the motion to dismiss, reasoning that the facts were dissimilar to *State v. Lynch,* 126 Idaho 388, 883 P.2d 1080 (1994), and, therefore, concluding that I.C. § 18–301 did not apply.

Longstreet conditionally changed his not guilty plea to a guilty plea on December 2, 1994, and, the following month, he filed a motion for reconsideration, again alleging the applicability of I.C. § 18–301 and *Lynch.* The district court denied Longstreet's motion for reconsideration and sentenced Longstreet to a three year term of incarceration with one year fixed and two years indeterminate. The court, however, agreed to stay execution of the sentence pending the outcome of this appeal. For the reasons that follow, we affirm the lower courts' denial of Longstreet's motion to dismiss.

## II.

### TRIAL ISSUES

#### A. Standard Of Review

■ The issue of whether I.C. § 18–301 bars prosecution of a driving without privileges charge, where the defendant paid the fines for two companion moving violations, presents a question of law. *Lynch,* 126 Idaho at 390, 883 P.2d at 1082. When reviewing questions of law on appeal, this Court exercises free, or independent, review. *Id.* at 390, 883 P.2d at 1082.

#### B. Motion To Dismiss

Longstreet contends that liability for the driving without privileges charge and the citation for failure to carry proof of insurance both require the offender to be operating a motor vehicle. *Compare* I.C. § 18–8001 (defining the charge of driving without privileges) *with* I.C. § 49–1232 (defining the infraction of failure to carry proof of insurance). Longstreet, therefore, argues that I.C. § 18–301 prohibits punishment for both offenses because each "is made punishable in different ways by different provisions of [the Idaho] code." I.C. § 18–301. He claims that, because he has paid the penalty relating to the failure to carry proof of insurance infraction, he should not now be subject to punishment for the driving without privileges charge.

Although we addressed similar arguments in *State v. Lynch,* 126 Idaho at 388, 883 P.2d at 1080, we have determined that the facts presented in the case at hand are sufficiently distinguishable from the factual pattern in *Lynch* to render it inapplicable to the present case. In *Lynch,* the defendant had been cited for failure to drive in a designated lane and charged with driving under the influence (DUI). *Id.* at 389, 883 P.2d at 1081. The defendant paid the fine for the lane infraction and moved to dismiss the DUI charge. *Id.* at 389–90, 883 P.2d at 1081–82. The magistrate and district courts denied the motion. *Id.* at 390, 883 P.2d at 1082. On appeal, we applied the temporal test originally set forth in *State v. Sterley,* 112 Idaho 1097, 1099–1101, 739 P.2d 396, 398–400 (1987). In examining the act of driving under the influence, we determined that part of the erratic driving which indicated the defendant was under the influence was the fact that she was swerving within her own lane. *Lynch* at 390, 883 P.2d at 1083. Consequently, this Court concluded that I.C. § 18–301 barred prosecution of the DUI charge because the act of swerving within the lane was indeed part of one continuous and indivisible act of driving under the influence. *Id.* at 392, 883 P.2d at 1084.

■ In contrast, Longstreet's act of driving without privileges was not in any way dependent upon the act of speeding or the act of driving without proof of insurance. Although we note that the act of driving overlaps between each offense, as none of the offenses could have been charged absent the act of driving, we recognize that this is not the determinative factor. *See State v. Castaneda,* 125 Idaho 234, 236, 869 P.2d 234, 236 (Ct.App.1994). Rather, we examine whether each offense was factually exclusive and, therefore, whether each offense could have been charged separately. *See State v. Chapman,* 112 Idaho 1011, 1013, 739 P.2d 310, 312 (1987). By virtue of the way that each offense occurred, Longstreet could have been arrested for either the driving without privileges or the driving without insurance offense immediately after exiting his property.

Thus, each of the offenses with which Longstreet was charged are composed of separate and distinct components. Consequently, we conclude that I.C. § 18–301 does not bar prosecution of the driving without privileges charge, and we affirm the district court.

## III.

### CONCLUSION

We affirm the district court's denial of Longstreet's motion to dismiss the driving without privileges charge. Because of this result, we find it unnecessary to address any other issues that were raised.

JOHNSON, McDEVITT and SILAK, JJ., concur.

SCHROEDER, J., recused his participation in this appeal.