13 P.3d 344

**STATE of Idaho, Plaintiff–Appellant,**

v.

**James Douglas PERKINS, Defendant–Respondent.**

No. 25323.

Court of Appeals of Idaho.

Nov. 1, 2000.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for appellant. Alison A. Stieglitz argued.

Robert R. Chastain, Boise, for respondent.

LANSING, Judge.

This appeal requires that we determine the applicability of Idaho's sex offender registration statutes and an associated administrative rule where a defendant has been adjudicated guilty of a sex offense but the district court has withheld judgment and has ultimately dismissed the charge following a successful period of probation.

## BACKGROUND

In 1992, James Perkins was charged with statutory rape, Idaho Code § 18–6101, based upon allegations that at age nineteen he had sexual intercourse with a thirteen-year-old girl. Perkins ultimately pleaded guilty. The district court entered an order withholding judgment and placed Perkins on probation for a five-year term. In May 1994, Perkins and the prosecutor entered into a "stipulation for dismissal." According to the stipulation, the parties agreed:

> That the withheld judgment granted in the above case be dismissed; the conditions being that the Defendant immediately enlist in the United States Army, successfully complete a four-year tour of duty with an honorable discharge, and continue to have no contact with the victim in this case. . . . Both sides agree that the withheld judgment and probation with all its original terms and conditions, will be reinstated in the event that the Defendant leaves the military early or otherwise violates the terms of this agreement.

Based upon this stipulation, the court ordered "that the withheld judgment previously entered in this case is dismissed."

In 1993, the Idaho legislature adopted the Sex Offender Registration Act, 1993 Idaho Sess. Laws, ch. 155, which required convicted sex offenders to register with the sheriff of any Idaho county in which the person resided or was temporarily domiciled. In 1998, the sex offender registration statutes were substantially revised with the adoption of the Sexual Offender Registration Notification and Community Right–to–Know Act, Idaho Code §§ 18–8301 to –8326 (hereinafter "the Registration Act"). Like its predecessor, the 1998 Registration Act requires those convicted of specified sex offenses, including statutory rape, to register with the sheriff within ten days of coming into any county to establish a residence or temporary domicile. I.C. §§ 18–8304, –8307. Offenders are required to update their registration annually. I.C. § 18–8307. The information received from the registrant is forwarded by the county sheriff to a central registry established and

maintained by the Idaho State Police. I.C. § 18–8303(2), (3), § 18–8305, § 18–8307(5).

█ The registration requirements are imposed not only upon those who have received a judgment of conviction for one of the enumerated sex offenses, but also upon those who have been adjudicated guilty and have received an order withholding judgment. The legislature made this explicit in I.C. § 18–8304(3), which provides: "A conviction for purposes of this chapter means that the person has pled guilty or has been found guilty, *notwithstanding the form of the judgment or withheld judgment.*" (Emphasis added.) The Registration Act applies to persons who had pleaded guilty or had been found guilty of a covered crime prior to July 1, 1993 and as a result of the offense remained incarcerated, on probation, or on parole as of July 1, 1993. I.C. § 18–8304(c). It is thus undisputed that Perkins falls within the purview of the Registration Act during any periods that he resides in Idaho.

As contemplated by the parties' stipulation for dismissal, Perkins entered the Army. He served for a period overseas. Upon Perkins' return to the United States in 1998, his commanding officer informed him that if he was required to register as a sex offender, he would be discharged from military service. Therefore, in December 1998, Perkins filed with the district court a motion for an order exempting him from the registration requirement and expunging his record as a sex offender registrant. In his motion, Perkins noted that his case had been dismissed in 1994. The State objected to Perkins' motion, but the district court granted the motion and entered an order which exempted Perkins from the reporting requirements and directed that his record be expunged from the central registry.

The State appeals from that order. The State asserts that an exemption from the reporting requirements and expungement of Perkins' records may not be granted sooner than ten years after the date on which Perkins was placed on probation. The State relies upon I.C. § 18–8310 which provides that, subject to certain exceptions, "after a period of ten (10) years from the date the person was released from incarceration or placed on . . . probation, whichever is greater," an offender may petition the district court for an order exempting the offender from further duty to register and expunging the offender's record from the central registry. The State contends that because ten years had not elapsed since Perkins was placed on probation, the district court lacked authority to issue the order releasing Perkins from the obligation to register and expunging his registration records.

Perkins responds that the order was authorized by an administrative rule adopted in 1998 by the Department of Law Enforcement,[1] which provides for expungement of an individual's record from the central registry after a previously reported conviction has been dismissed. This rule, I.D.A.P.A. 11.10.03.011.08.c, provides:

> Upon receipt of a duly attested document from a court clerk that a conviction previously reported to the central registry has been reversed or dismissed by the court, the Bureau will expunge all records concerning the conviction from the central registry. If the person has no other conviction requiring registration, the Bureau will expunge all references concerning the person from the central registry.[2]

This rule includes no requirement for the passage of ten years from a conviction but, rather, authorizes expungement at any time after the criminal case was dismissed. Perkins argues that his case was dismissed on the parties' May 1994 stipulation and he was thus entitled to the release and expungement granted by the district court because it was

---

1. The name of the Department of Law Enforcement has subsequently been changed to the Idaho State Police. 2000 Idaho Sess. Laws, ch. 469.

2. We note the imprecision in the language of the rule referring to a "conviction" that has been "dismissed." A conviction may be "vacated," "set aside" or "reversed," whereas a charge, a case or a claim may be "dismissed." A conviction can be vacated with or without an associated dismissal of the criminal charge. Similar imprecision occurs in the court's 1994 order stating that the withheld judgment is "dismissed." For purposes of this appeal we treat the order as one dismissing the case against Perkins in accordance with I.C. § 19–2604(1).

authorized by the State's own administrative rule.

Two issues are thus presented. First, does a person who has been adjudicated guilty of a sex offense but who has obtained a dismissal of the charge after a period in which judgment was withheld still have a "conviction" for purposes of the Registration Act, which continues to subject the person to the Act's reporting requirements? If this first issue is answered in the affirmative, the second issue is whether under I.D.A.P.A. 11.10.03.011.08.c expungement may be granted to someone who has obtained such a dismissal after a period of less than ten years.

## ANALYSIS

■ These questions regarding the interpretation and application of statutory law and an administrative rule present purely legal issues over which we exercise free review. *State v. Nickerson,* 121 Idaho 925, 927, 828 P.2d 1330, 1332 (Ct.App.1992); *State v. Paul,* 118 Idaho 717, 718, 800 P.2d 113, 114 (Ct.App.1990). When interpreting a statute, "the court's only concern is to ascertain and give effect to the legislative intent as expressed, irrespective of the wisdom, practicability, policy, expediency or possible results." *State v. Bever,* 118 Idaho 80, 81, 794 P.2d 1136, 1137 (1990) (quoting *State v. Bunting Tractor Co.,* 58 Idaho 617, 623, 77 P.2d 464, 466 (1938)). A court must always begin with an examination of the literal words of the statute. *State v. Watts,* 131 Idaho 782, 784, 963 P.2d 1219, 1221 (Ct.App.1998). Where the language is unambiguous, the clearly expressed legislative intent must be given effect. *Id.; Paul, supra.*

■ We are dealing here with two legislative creations—the authority of Idaho courts to withhold judgment following an adjudication of guilt and to ultimately dismiss the charge if the defendant performs well on probation, and the statutory scheme for registration of sex offenders and maintenance of records relating thereto. The authority of an Idaho court to withhold judgment in a criminal case on conditions prescribed by the court in lieu of entering a judgment of conviction is conferred by I.C. § 19–2601(3).[3] The legislature further provided in I.C. § 19–2604(1) that, where judgment has been withheld and the defendant has complied with the terms of probation, the court may set aside the adjudication of guilt, dismiss the case and discharge the defendant.[4] Thus, in any case where judgment has been withheld, it is contemplated that, if the defendant complies with the terms and conditions imposed by the court or probation officer, the court may set aside the guilty plea or finding of guilt and dismiss the charge.

■ The purpose of an order withholding judgment, as an alternative to a conviction, is to allow the defendant an opportunity to rehabilitate himself and thereby avoid the burden of a criminal record. *Peltier v. State,* 119 Idaho 454, 460, 808 P.2d 373, 379 (1991); *State v. Wagenius,* 99 Idaho 273, 279, 581 P.2d 319, 325 (1978). Hence, a dismissal of a criminal charge after judgment has been withheld is an exercise of leniency by the court, notwithstanding the defendant's actual guilt of the charged offense. A dismissal of

---

3. Idaho Code § 19–2601 provides in part:

   Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:

   . . . .

   3. Withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation. . . .

4. Section 19–2604(1) provides:

   If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

this type is not a determination that the defendant is factually innocent or that the State is unable to meet its burden of proof. Nor is this type of dismissal akin to setting aside a conviction or dismissing a charge based upon some error in the criminal proceedings.

Because the power to withhold judgment has been conferred on the courts by statute, it may also be abrogated or limited by statute. *State v. Branson,* 128 Idaho 790, 793, 919 P.2d 319, 322 (1996). We conclude that in adopting the Registration Act the legislature purposefully limited Idaho courts' power to afford clemency to sex offenders through the withholding of judgment and ultimate dismissal under § 19–2604(1). When the Registration Act was enacted, the legislature can be presumed to have known that the charge against a defendant could be dismissed under § 19–2604(1) after a period of withheld judgment if the defendant successfully completed probation. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990) ("It is assumed that when the legislature enacts or amends a statute it has full knowledge of the existing judicial decisions and case law of the state."); *State v. Betterton,* 127 Idaho 562, 563, 903 P.2d 151, 152 (Ct.App.1995) ("We presume the legislature was aware of those statutes previously enacted when passing new legislation."). Yet, the legislature created no exemption in the Registration Act for those who obtained such a dismissal. To the contrary, the legislature expressly defined "conviction" for purposes of the Registration Act to include anyone who has been adjudicated guilty of an enumerated sex offense "notwithstanding the form of the judgment or withheld judgment." I.C. § 18–8304(3). By adopting this definition of "conviction" and by placing a ten-year limitation on the opportunity for exemption from the registration requirement, I.C. § 18–8310, the legislature limited the record-cleansing effect of a withheld judgment and a § 19–2604(1) dismissal when the underlying offense is one of the enumerated sex offenses. Therefore, an offender who has obtained a § 19–2604(1) dismissal following a withheld judgment may not be released from the reporting requirements of the Registration Act without compliance with the § 18–8310 criteria. A contrary holding would contravene the express language of § 18–8304(3).

This conclusion is consistent with our holding in *State v. Deitz,* 120 Idaho 755, 819 P.2d 1155 (Ct.App.1991), that a defendant who has received an order withholding judgment, and who is later discharged under § 19–2604, does not thereby escape from every possible consequence of the adjudication of guilt. In *Deitz,* the defendant had pleaded guilty to driving under the influence (DUI), and the court withheld judgment, placing Deitz on probation. After Deitz satisfactorily completed the probation, the court entered an order dismissing the charge under I.C. § 19–2604(1). Several months later, Deitz was again charged with DUI, and the prosecutor alleged that Deitz was subject to an enhanced penalty because it was his second DUI offense within five years. The question presented was whether the dismissal of Deitz's first DUI case nullified his guilty plea in that case for the purposes of I.C. § 18–8005(4), which provided an enhanced penalty for repeat DUI offenders. At that time, § 18–8005(4) applied the enhancement to a person who "pleads guilty to or is found guilty of a violation of the provisions of section 18–8004, Idaho Code, for the second time within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s)...." *Deitz,* 120 Idaho at 756, 819 P.2d at 1156. This Court held that the dismissal of the charge under I.C. § 19–2604(1) did not reverse or vacate the determination of *Deitz's* guilt in the first case for purposes of I.C. § 18–8005(4), and therefore the first adjudication of guilt could be used to enhance the second DUI charge. *Deitz,* 120 Idaho at 758, 819 P.2d at 1158.

We thus conclude that, notwithstanding the 1994 stipulation and order for dismissal, Perkins remained subject to the Registration Act, including the provision in I.C. § 18–8310 which authorizes an exemption from the reporting requirements and expungement of the offender's registration record only if at

least ten years have passed from the date of the offender's incarceration or probation.

■ This conclusion requires that we consider the effect of the administrative rule, I.D.A.P.A. 11.10.03.011.08.c, which authorizes expungement of records from the central registry whenever the registrant's conviction has been "dismissed." According to Perkins, under this rule he was entitled to relief from the reporting requirement even though he could not satisfy the criteria for orders of exemption and expungement established by I.C. § 18–8310. However, Perkins does not explain how the rule can be applied in a way that does not conflict with the statute.

The State, apparently not wishing to urge the invalidity of its own rule, argues that I.D.A.P.A. 11.10.03.011.08.c can be reconciled with I.C. § 18–8310(1) because "expungement and release from registration are two separate issues," and the rule authorizes only expungement. According to this argument, even if Perkins is entitled to have his record expunged from the central registry pursuant to the administrative rule, he must continue to register annually until he qualifies for relief from that obligation under I.C. § 18–8310(1). We are not persuaded to this view. First, the State's argument would lead to the absurd result that Perkins would be required to register, but could then immediately have his record expunged from the central registry; and the next year would have to go through the same exercise, through a cycle of repetitive registration and expungement until at least ten years had passed from the commencement of his probation. We think it apparent that the legislature could not have intended to authorize such a pointless exercise. Second, the State's position ignores the fact that the criteria of I.C. § 18–8310 apply not only to orders exempting the offender from the duty to register but also must be satisfied before a court may order expungement of information from the central registry. I.C. § 18–8310(2). The State's argument does not explain how I.D.A.P.A. 11.10.03.011.08.c can be reconciled with I.C. § 18–8310(2) when applied to a person in

Perkins' circumstance. In our judgment, it cannot be.

■ An administrative rule that is inconsistent with a statute that it purports to implement is ineffective to the extent of such inconsistency. *K Mart Corp. v. Idaho State Tax Comm'n*, 111 Idaho 719, 722, 727 P.2d 1147, 1150 (1986). To the extent that I.D.A.P.A. 11.10.03.011.08.c provides that sex offender registration records will be expunged where the court has withheld judgment and subsequently dismissed the charge under I.C. § 19–2604(1), without compliance with I.C. § 18–8310, the rule is inconsistent with §§ 18–8304(3) and 18–8310 and is therefore ineffective.[5]

For the foregoing reasons, we hold that the district court's order granting Perkins' motion for exemption from the sex offender registration requirements and for expungement of his record from the central registry is in conflict with I.C. § 18–8310 and is consequently invalid. The order is therefore reversed.

Judge Pro Tem SCHILLING concurs.

Judge SCHWARTZMAN, Specially Concurring:

I am constrained to concur in the opinion of this Court, conditioned upon the continued viability of the *Deitz* decision and the peculiarities of the "dismissal" of Perkins' original withheld judgment. While the withheld judgment was *technically* dismissed by order of the court, that order did not specifically "set aside the plea of guilty" as is provided for under I.C. § 19–2604(1). *See Deitz*, 120 Idaho at 757, 819 P.2d at 1157. More importantly, this *quirky* dismissal is based upon a stipulation which provides that the withheld judgment and probation "will be reinstated in the event that the defendant leaves the military early or otherwise violates the terms of this agreement." In effect, this is not a true dismissal at all.

Were the original plea of guilty set aside and the case fully and finally dismissed pur-

---

5. This appeal does not call into question the effectiveness of I.D.A.P.A. 11.10.03.011.08.c as

applied to dismissals other than those afforded as a matter of judicial leniency under § 19–2604(1).

suant to I.C. § 19–2604(1), thus completing the *statutory expungement* process, I would vote differently herein. A true expungement would leave no plea of guilty or finding of guilt upon which the Sexual Offender Registration Act could hang its jurisdictional hat. Such is not the case here!