890 P.2d 323

**STATE of Idaho, Plaintiff–Respondent**

v.

**Daniel Carter KILLINGER,
Defendant–Appellant.**

No. 20998.

Supreme Court of Idaho,
Twin Falls, November 1994 Term.

Feb. 17, 1995.

M. Lynn Dunlap, Jerome County Public Defender, Twin Falls, for appellant.

Larry EchoHawk, Atty. Gen., Boise, Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND FACTS

Because the underlying convictions are not the subject of this appeal, the facts of this case are not in dispute. On February 3, 1993, Daniel Carter Killinger (Killinger) was charged by criminal complaint with one count of burglary. Killinger pled guilty to that charge, and neither that conviction nor the resulting sentence are subjects of this appeal. On February 9, 1993, Killinger was charged with six controlled substance violations. Fol-

lowing a preliminary hearing, Killinger was indicted on all six counts. The first three counts of the indictment charged Killinger with one count of delivery of a controlled substance (cocaine), one count of delivery of a controlled substance (marijuana), and one count of delivery of a controlled substance in the presence of a minor, stemming from a delivery from Killinger to a confidential informant on December 16, 1992. Counts four, five, and six of the indictment charged Killinger with one count of delivery of a controlled substance (cocaine) and two counts of delivery of a controlled substance in the presence of a minor, stemming from two deliveries from Killinger to the same confidential informant on January 13, 1993. A jury convicted Killinger on all six counts.

Following a sentencing hearing, the trial court ordered that Killinger serve the following unified sentence concurrently with the sentence imposed on the burglary count:

On Count I, Ten (10) years determinate. On Count II, Five (5) years determinate to be served concurrently with Count I. On Count III, Five (5) years indeterminate to be served consecutive to Count I. On Count IV, Ten (10) years determinate to be served concurrently to Count I. On Count V, Five (5) years consecutive to Count I, time suspended. For Count VI, Five (5) years consecutive to Count I, time suspended.

On November 17, 1993, Killinger filed a motion to reduce his sentence under Idaho Criminal Rule 35, arguing that the sentence imposed by the trial court was disproportionate to sentences imposed in similar cases and that it was improper for the State to seek a fixed penalty without providing Killinger fourteen days prior notice as required by I.C. § 37–2739B(c). Following oral argument, the district court denied Killinger's motion.

Killinger appeals the district court's ruling on Killinger's Rule 35 motion. Killinger argues that the district court erred by concluding that Killinger's sentence was not imposed under I.C. § 37–2739, and that his sentence is excessive in light of the offenses for which he was convicted. Killinger also argues that the convictions for delivery of a controlled substance and delivery of a controlled sub-

stance in the presence of a minor arise from the same transactions. As a result, Killinger contends that the sentences for those offenses violate the statutory prohibition against multiple punishments for the same act. Killinger also argues that the convictions for both crimes violate federal and state constitutional double jeopardy provisions.

## II.

### KILLINGER WAS NOT SENTENCED UNDER I.C. § 37–2739B

I.C. § 37–2739B provides fixed minimum sentences in drug cases where certain aggravating factors are found. Subsection (c) of that statute requires that "the prosecutor shall give notice to the defendant of intent to seek a fixed penalty at least fourteen (14) days prior to trial." Killinger asserts that, because the prosecutor did not provide notice that the prosecutor would seek an enhanced penalty, the fixed portion of Killinger's sentence was improperly imposed.

■ The record provides no support for the conclusion that the trial court sentenced Killinger to an enhanced penalty under I.C. § 37–2739B. When pronouncing sentence, the trial court sentenced Killinger for each of the crimes of conviction, without any discussion of the enhancement provisions of I.C. § 37–2739B. The trial court's stated basis for the sentence was I.C. § 19–2513, the unified sentencing statute. When ruling on Killinger's Rule 35 motion, the trial court again stated that Killinger's sentence was imposed solely for the offenses of conviction, without imposition of an enhancement. I.C. § 19–2513 does not limit the district court's authority to specify a minimum period of confinement within the maximum period of confinement provided for the offense of conviction. When the legislature enacted I.C. § 37–2739B, the legislature expressly provided that "[b]y enacting fixed minimum sentences, the legislature does not seek to limit a court's power to impose a greater sentence pursuant to section 19–2513, Idaho Code." I.C. § 37–2739B(a).

The trial court had authority under I.C. § 19–2513 to impose the sentence ordered in this case. The record presents no basis from which this Court can conclude that the trial court imposed an enhanced sentence under I.C. § 37–2739B. The trial court did not err in concluding that Killinger's sentence was not the product of an improper enhancement under I.C. § 37–2739B.

## III.

### KILLINGER'S SENTENCE IS NOT EXCESSIVE

■ Killinger asserts that the sentence imposed by the trial court was excessive. Killinger does not argue that the sentence was imposed arbitrarily or based on any improper considerations, but instead asserts that the sentence is disproportionate to sentences imposed on other defendants convicted of similar crimes. The disparity between sentences imposed on different defendants convicted of the same or similar crimes does not establish that the sentence imposed is excessive. *See State v. Hansen,* 125 Idaho 927, 933, 877 P.2d 898, 904 (1994).

■ In order to overturn a sentence on the grounds that the sentence is excessive, this Court must conclude that the sentence is excessive under any reasonable view of the facts. *State v. Babb,* 125 Idaho 934, 948, 877 P.2d 905, 919 (1994). The factors considered by this court when reviewing the sentence imposed are (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution. *Id.; State v. Broadhead,* 120 Idaho 141, 146, 814 P.2d 401, 406 (1991), *overruled on other grounds, State v. Brown,* 121 Idaho 385, 394, 825 P.2d 482, 491 (1992).

This Court's review of the record discloses that, when pronouncing sentence, the district court considered Killinger's addiction to cocaine, the fact that Killinger committed other crimes to support his cocaine habit, Killinger's involvement in cocaine trafficking and distribution, and the fact that Killinger put an infant at risk by selling illegal drugs while the infant was present. The trial court also considered Killinger's potential for rehabilitation and the fact that Killinger does not have an extensive violent criminal history as issues supporting a lenient sentence.

The record establishes that the trial court properly considered the objectives of sentencing and imposed a sentence within the range provided for the offenses of conviction. The district court did not err in denying Killinger's motion for a reduction of his sentence on the grounds of excessiveness.

## IV.

### WHETHER KILLINGER'S CONVICTION AND SENTENCE VIOLATE THE PROHIBITIONS AGAINST DOUBLE JEOPARDY

■ For the first time on appeal, Killinger argues that each conviction for delivery of a controlled substance in the presence of a minor is based on the same conduct as one of the convictions for delivery of a controlled substance. In the Appellant's Brief, Killinger argues that the sentence imposed is excessive because the trial court effectively double-counted the same conduct for sentencing purposes. I.C. § 18–301. At oral argument before this Court Killinger's counsel asserted for the first time that Killinger's convictions violate the constitutional prohibitions against double jeopardy. U.S. Const. amend. V; Idaho Const. art. I, § 13.

Killinger's sentence does not violate the statutory prohibition against multiple punishments for the same act or omission. I.C. § 18–301 provides that "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one[.]" However, the crime of manufacture or delivery of controlled substances where children are present is specifically excepted from the I.C. § 18–301 prohibition. I.C. § 37–2737A provides that:

Any fine imposed under the provisions of this section shall be in addition to the fine imposed for any other offense, and any term of imprisonment shall be consecutive to any term imposed for any other offense, regardless of whether the violation of the

provisions of this section and any of the other offenses have arisen from the same act or transaction.

I.C. § 37–2737A(3). This specific exemption from the general statutory prohibition against separate punishments for one act or omission, which was enacted after the more general statute, limits the operation of I.C. § 18–301 in this case. *See State v. Wilson*, 107 Idaho 506, 508, 690 P.2d 1338, 1340 (1984) ("Where two statutes deal with the same subject matter, the more specific will prevail."); *Mickelsen v. City of Rexburg*, 101 Idaho 305, 307, 612 P.2d 542, 544 (1980) ("Thus to the extent of a conflict between the earlier and later statute .., the more recent expression of legislative intent prevails."). Killinger's sentence is not illegal on the basis that the same acts were punished under separate statutory provisions in violation of I.C. § 18–301.

■ This Court will not consider Killinger's argument that these separate convictions violate the double jeopardy prohibitions of the Idaho and United States Constitutions. Killinger did not file a direct appeal from either his convictions or sentence, nor did Killinger raise this issue at the Rule 35 motion before the district court. This issue was not stated as an issue on appeal in Killinger's initial brief to this Court, and no authorities cited or arguments contained in either of Killinger's briefs on appeal raise these constitutional issues. Killinger's first reference to either the state or federal constitutional prohibition against double jeopardy was made at oral argument before this Court. This Court will not address an issue that was neither presented to the trial court nor raised or argued through briefing before this Court. *See State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993) (holding that Supreme Court will not address issue raised for the first time in reply brief).

## V.

### CONCLUSION

The trial court's denial of Killinger's I.C.R. 35 motion is affirmed.

JOHNSON and SILAK, JJ. and McDERMOTT and WOODLAND, JJ. Pro Tem, concur.