# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49510

| | | |
|---|---|---|
| MORANDA I. MORLEY, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Boise, September 2023 Term |
| | ) | |
| v. | ) | Opinion filed: November 2, 2023 |
| | ) | |
| RS UNLIMITED, INC., dba JALAPENOS, | ) | Melanie Gagnepain, Clerk |
| Employer; YOKES FOODS, INC., dba | ) | |
| YOKES FRESH MARKET, Major Base | ) | |
| Employer; and IDAHO DEPARTMENT OF | ) | |
| LABOR, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Moranda I. Morley, Appellant pro se, submitted argument on the briefs.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. M. Scott Keim submitted argument on the briefs.

_____

MOELLER, Justice.

Moranda Morley lost one of her two jobs due to the economic impact of the COVID-19 pandemic in March 2020. Morley applied for and received state unemployment compensation benefits and federal pandemic unemployment assistance through the Idaho Department of Labor. However, it was later determined that Morley was ineligible for benefits because she was still employed full-time at her other job.

Morley appealed that determination to the Appeals Bureau of the Idaho Department of Labor, which affirmed her ineligibility. Morley then appealed to the Idaho Industrial Commission ("the Commission"), which dismissed Morley's initial appeal and later denied her request for reconsideration, finding both to be untimely. Morley then appealed to this Court, but her notice of appeal was timely only as to the denial of her request for reconsideration. Thereafter, we issued an

1

order dismissing the appeal as to the issues that were determined to be untimely. What remains is a limited review of whether the Commission properly denied her request for reconsideration. For the reasons explained below, we affirm the Commission's denial of reconsideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2020, Moranda Morley ("Morley") was working for two different employers in northern Idaho. One of those employers, Jalapenos restaurant, closed due to the COVID-19 pandemic. Morley was "told to apply for unemployment insurance by her management [at Jalapenos] and was given a form with instructions to do so." Thereafter, Morley applied for unemployment benefits with the Idaho Department of Labor ("the IDOL") and began receiving benefits. However, Morley was still working full-time for her other employer.

In July 2021, Morley received a personal eligibility determination explaining she was not eligible for previously disbursed unemployment benefits because she had been working full-time during the reporting period. Beyond being ineligible, the IDOL also determined that Morley either (1) willfully made false statements or misrepresentations or (2) willfully failed to report her second job.

Morley protested the eligibility determination to an Appeals Examiner from the IDOL. The Appeals Examiner reversed the finding that the "claimant willfully made a false statement or willfully failed to report a material fact in order to obtain benefits." Nevertheless, the Appeals Examiner still affirmed the finding that Morley had continued to work full-time; therefore, she was ineligible for benefits. Thus, while the original decision was modified in part, the Appeals Examiner ultimately affirmed the Department's determination of ineligibility. Because Morley was not eligible for benefits, the Appeals Examiner also affirmed the conclusion that Morley had been overpaid. Further, the Appeals Examiner also concluded that the repayment requirement was not waived, relying on Idaho Code section 72-1369(5).

In attempting to appeal the Appeals Examiner's decision, Morley ultimately missed three successive filing deadlines: first, her appeal from the Appeals Examiner's decision to the Commission; second, her request for reconsideration by the Commission; and third, her later appeal to this Court from the Commission's order dismissing her appeal.

Regarding her appeal to the Commission, the date of mailing listed on the original decision from the Appeals Examiner was September 16, 2021. Thus, under the Commission's rules, the

2

decision identified the last day for Morley to protest as September 30, 2021. The Appeals Examiner's decision included an explanation of Morley's right to appeal and specified that: "Appeals transmitted by email must be received by the Commission no later than 12:00 a.m. (midnight) Mountain Time, on the last day to appeal. An email received after 12:00 a.m., Mountain Time, will be deemed received by the Commission in the next business day." However, Morley's emailed appeal was received by the Commission at 1:01 a.m. Mountain Time on October 1, 2021, and filed that same day. Based on the late filing, the Commission issued an order dismissing Morley's appeal on November 9, 2021.

Twenty-two days later, on December 1, 2021, Morley sent an email asking the Commission to reconsider its order dismissing her appeal. Thereafter, on December 20, 2021, the Commission issued an order denying Morley's request for reconsideration as untimely. The Commission explained that Morley was required to have filed her request for reconsideration "on or before November 29, 2021." Since the record reflected that Morley filed her request for reconsideration on December 1, 2021, the Commission concluded that Morley's "request was made two (2) days beyond the expiration of the statutory deadline. Thus, [Morley's] request for reconsideration is untimely."

Subsequently, on January 5, 2022, Morley again asked for reconsideration, which the Commission construed as an appeal to the Idaho Supreme Court. Upon receipt of Morley's appeal, we determined that it was untimely as to the Commission's initial order dismissing her appeal since it had not been filed within 42 days from the date of the order (November 9, 2021). *See* I.A.R. 14. Thus, on March 2, 2022, this Court issued an order conditionally dismissing the appeal and allowing Morley 21 days to file a response with this Court, "showing why the appeal as to the [Industrial Commission's] Order Dismissing Appeal should not be dismissed." *Order Conditionally Dismissing Appeal*, *Morley v. RS Unlimited, Inc*., No. 49510-2022 (Idaho March 2, 2022). Morley did not file a response. Thereafter, on March 25, 2022, this Court issued an "Order re: Conditional Dismissal," which dismissed Morley's appeal of the Industrial Commission's initial Order Dismissing Appeal. This Court then ordered that this "case shall proceed as to the appeal from the Order Dismissing Request for Reconsideration entered by the Industrial Commission on December 20, 2021, only." *Order Re: Conditional Dismissal*, *Morley v. RS Unlimited, Inc*., No. 49510-2022 (Idaho March 25, 2022).

## II. STANDARD OF REVIEW

"This Court exercises free review over the Industrial Commission's legal conclusions. However, the Commission's factual findings will not be disturbed on appeal so long as they are supported by substantial and competent evidence." *Sheehan v. Sun Valley Co.*, 171 Idaho 248, 519 P.3d 1188, 1191–92 (2022) (quoting *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006)).

## III. ANALYSIS

The facts of this case are similar to those in this Court's recent decision in *Sheehan v. Sun Valley Co.*, 171 Idaho 248, 519 P.3d 1188 (2022). The claimant in *Sheehan* not only faced similar misfortune in losing his job due to the COVID-19 pandemic, but he also faced similar procedural concerns on appeal. Despite the sympathetic circumstances presented in that case, we explained that "[w]e have long held that pro se litigants are 'held to the same standards and rules as those represented by an attorney.' " *Sheehan*, 171 Idaho at ___, 519 P.3d at 1192 (first quoting *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005); then citing *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990); and then citing *Scafco Boise, Inc. v. Rigby*, 98 Idaho 432, 566 P.2d 381 (1977) (distinguished on other grounds)). Importantly, we explained that "[s]uch standards and rules include timely filing requirements." *Id.*

Here, as in *Sheehan*, Morley presents an unfortunate narrative; however, we are still "bound to follow the rules and law of jurisdictional authority." *Sheehan*, 171 Idaho at ___, 519 P.3d at 1190. Morley does not dispute the facts pertaining to her untimely request for reconsideration and now acknowledges that she misunderstood the rules with which she attempted to comply. However, she offers no explanation in her opening brief for how the Commission erred in dismissing her request for reconsideration. Instead, Morley explains that "[t]he circumstances *in which [she] understood the calculation of time* made the request for Reconsideration timely." (Emphasis added). In other words, she appears to suggest that if the rules had coincided with her misunderstanding, her filings would have been timely. Sadly, that is not the way "rules" work.

As to the nature of her misunderstanding, Morley explains in her Reply Brief that she "concluded that weekends and holidays did not count for the IDOL, the Commission, or this Court. Therefore, those non-judicial days did not count in the calculation of the 14 days." However, there is nothing in the Rules of Appellate Practice and Procedure Under the Idaho Employment Security

4

Law ("R.A.P.P." or "Commission Rules") to lead one to that conclusion. For example, the Commission Rules state that "[a]n appeal … must be filed within fourteen (14) days of the service by mail or otherwise of a final decision of the Appeals Examiner." R.A.P.P. 2(B) (Idaho Indus. Comm'n, Jul. 1, 2021), https://iic. idaho.gov/wp-content/uploads/2021/07/RAPP-July-2021.pdf. Likewise, Rule 8 simply says that "the request for reconsideration must be made within twenty (20) days from the date of filing of the Commission's decision and order." R.A.P.P. 8(F); *see also* I.C. § 72-1368(7) ("[W]ithin twenty (20) days from the date of filing the [Commission's] decision, any party may move for reconsideration of the decision or the commission may rehear or reconsider its decision on its own initiative."). There are no qualifications in the Commission Rules limiting the accrual to "business days" or any other type of classification. Further, Rule 2 clarifies that "[a]n email received after 12:00 a.m., Mountain Time, *will be deemed received by the Commission [on] the next business day.*" Importantly, there is nothing in the rules, nor in the notices sent to Morley, that suggest that weekends should be excluded from the computation of time.[1] Thus, Morley did not comply with the relevant filing rules.

Additionally, while Morley acknowledges that she misinterpreted the rules, she argues that any misunderstanding was in good faith and should justify this Court in deeming her untimely filings to be timely. In Morley's view, her good faith misinterpretation of the filing requirements should excuse her late filing. Supporting this assertion, Morley cites *Cheek v. United States* for the principle that "[a] good faith misunderstanding of the law or a good faith belief that one is not violating the law negates willfulness, whether or not that claimed belief or misunderstanding is objectively reasonable." *Cheek v. United* States, 498 U.S. 192, 203–04 (1991). However, understood in proper context, the United States Supreme Court held in *Cheek* that a reasonable misunderstanding may negate *willfulness* in the context of federal criminal law. *Id.* The late filing appealed in this case does not require a showing of willful tardiness to be late. In other words, one does not have to intend for a filing to be late for the filing to be, in fact, late. Thus, this proffered authority is inapplicable.

---

[1] We note that the rules do not provide for emails *transmitted* on weekends and holidays. The pertinent rule explains, in the context of a fax, that "an appeal transmitted by facsimile and received by the Commission on a weekend, holiday, or after 12:00 a.m. on a business day shall be deemed filed on the next business day." R.A.P.P. 2(D)(2) (Idaho Indus. Comm'n Jul. 1, 2021). While the rule relating to email does not make a similar allowance, Morley's submission did not fall on a weekend. Thus, assuming *arguendo* there was an ambiguity here, it would be inapplicable to Morley.

Morley also cites the Commission Rules. Specifically, Morley relies on the comments to Rule 8, which provide:

> Subsection (F) contemplates that a request for reconsideration will ask that the Commission reexamine its decision in light of additional legal arguments, a change in law, *a misinterpretation of law*, or an argument or aspect of the case that was overlooked. A request for reconsideration that is based on a legal argument which could have been raised earlier in the proceeding will not ordinarily be granted. The intent is to provide a format for legal critique, but discourage reactionary motions when a party merely wants the Commission to "think it over again."

R.A.P.P. 8(F) cmt. (Idaho Indus. Comm'n Jul. 1, 2021). Morley misreads this section to conclude that a request for reconsideration under Rule 8 should be granted when the *claimant* has misinterpreted the relevant law. However, the language in Rule 8 clearly only applies if the *Commission* misinterpreted or misapplied the law pertaining to a claimant's case. If the claimant misinterprets the relevant law, there is no need for the Commission to reconsider its decision. Since the Commission properly interpreted and applied the relevant rules, reconsideration was properly denied.

We note that Morley's Reply Brief contains new arguments and is supported with significantly more legal authority than her opening brief; however, a responsive brief may not be used as a mechanism to raise additional issues on appeal. *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004) ("A reviewing court looks to the initial brief on appeal for the issues presented on appeal. Consequently, 'this Court will not consider arguments raised for the first time in the appellant's reply brief.' ") (Internal citations omitted) (first citing *Hernandez v. State,* 127 Idaho 685, 687, 905 P.2d 86, 88 (1995); then citing *State v. Raudebaugh,* 124 Idaho 758, 763, 864 P.2d 596, 601 (1993); and then citing *State v. Killinger,* 126 Idaho 737, 740, 890 P.2d 323, 326 (1995)). Therefore, any additional appellate issues that could be construed from Morley's Reply Brief have been waived. *Id.*

Ultimately, Morley does not challenge the factual or legal basis for the Commission's ruling in this case. Instead, she asks this Court to simply excuse her failure to comply with the rules because she misunderstood them and acted in good faith. However, "[a]s this Court has consistently held to be axiomatic, 'ignorance of the law is not a defense.' " *State v. Pool*, 166 Idaho 238, 246, 457 P.3d 890, 898 (2020) (citing *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993)). Further, and as mentioned above, "[w]e have long held that pro se litigants are 'held to

the same standards and rules as those represented by an attorney.' " *Sheehan*, 171 Idaho at ___, 519 P.3d at 1192 (quoting *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005) (citations omitted)). This also includes "timely filing requirements." *Id.* Since Morley's request for reconsideration was untimely, the Commission's order denying reconsideration must be affirmed.

## IV. CONCLUSION

For the reasons explained above, we affirm the Commission's denial of Morley's request for reconsideration.

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**